Filed 1/12/16  Marriage of Valdivia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of VERONICA AGUILAR VALDIVIA and ROGELIO GOMEZ VALDIVIA. | |
| VERONICA AGUILAR VALDIVIA,<br><br>    Respondent,<br><br>        v.<br><br>ROGELIO GOMEZ VALDIVIA,<br><br>    Appellant. | F070907<br><br>(Super. Ct. No. S1500FL624645)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John L. Fielder, Judge.

Rogelio Gomez Valdivia, in propria persona, for Appellant.

No appearance for Respondent.

-ooOoo-

We are charged with deciding an appeal with an inadequate record, which makes it impossible to address the merits of this appeal.  Rogelio Gomez Valdivia, who apparently

---

[*] Before Levy, Acting P.J., Gomes, J. and Kane, J.

has been incarcerated throughout these proceedings, appeals from a judgment dissolving his marriage to Veronica Aguilar Valdivia,[1] which, among other things, awarded Veronica a car but did not mention a double axle trailer or a truck that Rogelio claims Veronica gave him during the marriage. Rogelio asserts that while Veronica agreed that he should be awarded the truck in the dissolution proceedings, she did not disclose the truck to the court, and he agreed not to contest the divorce based on her assertion that she would disclose the truck's whereabouts. He contends, for various reasons, that he was deprived of a fair trial, and asks us to order an evidentiary hearing to determine the location and disposition of the truck. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

We have culled the following information from the clerk's transcript, which consists only of the register of actions, the judgment, the notice of appeal, and the notice designating the record on appeal. Veronica filed a petition for dissolution of marriage on January 6, 2014.[2] Rogelio was served with process shortly thereafter. Rogelio filed a response on March 5. Veronica filed a declaration regarding service of a preliminary declaration of disclosure on March 7, while Rogelio filed a declaration regarding service of a preliminary/final disclosure on April 22. A July 3 mandatory settlement conference was continued to September 25 because Rogelio was in custody. At the September 25 settlement conference, a court trial was set for October 28, and the parties were ordered to file their final declarations of disclosure, updated income and expense declarations, and trial briefs 10 days before trial. Veronica appeared at the conference, but Rogelio did not.

---

[1] We will refer to the parties by their first names, not out of disrespect but to avoid any confusion to the reader.

[2] References to dates are to the year 2014, unless otherwise stated.

2.

On October 15, Veronica filed a declaration regarding the service of a final declaration of disclosure. She appeared at the October 28 court trial, but Rogelio did not. After Veronica testified and presented evidence, the court: (1) found there was no property to be divided; (2) set spousal support at zero; (3) set the net value of a 2009 Nissan Versa as zero and awarded the car, along with the debts/payments, to Veronica; and (4) granted a judgment of dissolution. On November 6, Veronica filed an income and expense declaration. A judgment of dissolution was entered on November 17 that reflected the court's findings and rulings. The court clerk served notice of entry of judgment on December 1.

On January 5, 2015, Rogelio filed a notice of appeal, in which he asserted that there were discrepancies in the judgment of dissolution regarding Veronica's non-disclosure of his claim that he owned a 2001 Chevy Silverado truck and a double axle trailer, and that he was appealing the judgment regarding the truck. Attached to the notice of appeal are the following documents: (1) the notice of entry of judgment, (2) the first page of Rogelio's undated property declaration, in which he proposes he be awarded 100 percent of the truck, the car and the double axle trailer, (3) Rogelio's declaration of disclosure, dated March 26, which states that a schedule of assets and debts, and a completed income and expense declaration, were attached; (4) the November 17 judgment; (5) Veronica's declaration regarding service of declaration of disclosure and income and expense declaration, filed on March 7, which states that she served on Rogelio a preliminary declaration of disclosure, an income and expense declaration, a schedule of assets and debts or community and separate property declarations, and two years of tax returns; (6) Veronica's March 7 request to Rogelio for his preliminary declaration of disclosure; (7) one page of Veronica's April 1 request for an order compelling Rogelio to comply with the preliminary disclosure requirements; and (8) Rogelio's April 27 proof of service of the declaration of disclosure.

3.

## DISCUSSION

Rogelio contends, without citation to any applicable legal authority, that he was deprived of a fair trial because the trial court: (1) entered rulings and orders that did not ensure his right of access to the appointment of counsel or other legal representation; (2) failed to issue an order to appear to his "confining authority"; and (3) failed to include his declaration of disclosure in its findings of fact, conclusions of law or written opinion.

As a court of review, we are bound by the rule of appellate procedure that the order of the lower court is presumed correct and an appellant challenging that order must overcome the presumption by affirmatively demonstrating prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant—even a self-representing litigant—cannot carry this burden unless he or she provides the appellate court with an adequate record of the lower court's proceedings. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 [appellant representing self on appeal must follow rules of procedure].)

We cannot review Rogelio's claims of error because we do not have an adequate record to do so. With the exception of the November 17 judgment, Rogelio did not designate for inclusion in the clerk's transcript any of the documents filed with the trial court or the trial court's minute orders of the various hearings. The appellate record also does not contain reporter's transcripts of any of the hearings, including the October 28 court trial, because Rogelio did not request reporter's transcripts. Without these documents or reporter's transcripts, we are unable to determine what occurred below and the evidence that was presented to the trial court. In other words, Rogelio's claims are not corroborated by the record and the rules of appellate procedure do not authorize this court to accept an appellant's description of what happened as accurate unless that description is supported by citations to the record.

As a result of the inadequate record, Rogelio has failed to carry his burden of establishing reversible error in connection with his claim that he was deprived of a fair

4.

trial.  (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 (*Aguilar*) [failure to provide reporter's transcript resulted in an inadequate record and appellate court could not evaluate merits of appellant's contention]; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [rejecting appeal for failure to provide reporter's transcript of critical motion hearing].)

## DISPOSITION

The judgment is affirmed.  No costs are awarded.